

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-4-2006

# In Re: D'Amario

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5224

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: D'Amario " (2006). *2006 Decisions.* Paper 1791.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1791

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-5224
_____

IN RE: ARTHUR D'AMARIO, III,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 04-cv-02221)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
December 16, 2005
Before:  CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES
(Filed: January 4, 2006)
_____

OPINION
_____

PER CURIAM.

Petitioner Arthur D'Amario, III asks that we issue a writ of mandamus

compelling the United States District Court for the District of New Jersey to "1)

immediately release petitioner from his invalid sentence; and 2) recuse [the district judge]

from further participation" in D'Amario's motion to vacate, set aside, or modify his

sentence under 28 U.S.C. § 2255.  D'Amario has since supplemented his petition with a

motion to stay his sentence and a motion to reinstate his right to direct appeal. Because

1

D'Amario has other adequate means of obtaining his desired relief, we will deny him relief.[1]

Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). A petitioner must show that he has a clear and indisputable right to issuance of the writ, and it will issue only when the party seeking the writ can show that he has no other adequate means to obtain the relief requested. In re Flat Glass Antitrust Litigation, 288 F.3d 83, 91 (3d Cir. 2002).

A § 2255 motion is the presumptive means for a federal prisoner to challenge his conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). D'Amario's mandamus petition directly challenges his conviction and sentence and thus should be brought under § 2255. His motion to stay his sentence as well as the motion to reinstate his direct appeal also raise claims that sound in habeas, which should be brought in a § 2255 motion. Further, since the district court has already ruled on D'Amario's § 2255 motion, his request for the judge's recusal is moot. Because D'Amario fails to show that there are no other adequate remedies to obtain his requested relief, his petition and pending motions are denied.

---

[1]On December 7, 2005, during the pendency of his current petition, the district court entered an order denying D'Amario's § 2255 motion. Thus, to the extent that his petition requests that the district court rule on his § 2255 motion, it is dismissed as moot.